IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| GENERAL STAR NATIONAL INSURANCE COMPANY )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TERRY FLINCHUM CPA, INC., TERRY )<br>FLINCHUM, and BRIDGETT MIRACLE, )<br>)<br>Defendants. ) | Civil Action No.: |

**COMPLAINT FOR DECLARATORY JUDGMENT AND RESCISSION**

Plaintiff, General Star National Insurance Company, for its Complaint for Declaratory Judgment and Rescission against Defendants Terry Flinchum, CPA, Inc., Terry Flinchum, and Bridgett Miracle, states as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C.A. § 1332 and 28 USC § 2201 based on diversity of citizenship between the Plaintiff and Defendants.

2.  The matter in controversy in this cause exceeds $75,000.

3.  Venue is proper in this matter because certain events giving rise to this matter occurred in this judicial district and the Defendants are subject to the personal jurisdiction of this Court. 28 U.S.C.A. §1391.

## THE PARTIES

4. Plaintiff General Star National Insurance Company ("General Star") is a Delaware corporation with a principal place of business in Stamford, CT. Therefore, General Star is a citizen and resident of both Delaware and Connecticut.

5. Defendant Terry Flinchum CPA, Inc., is a corporation organized and existing under the laws of Kentucky, with a principal place of business in Somerset, Kentucky. Therefore, Terry Flinchum CPA, Inc. is a citizen and resident of the state of Kentucky.

6. Defendant Terry Flinchum ("Flinchum") is a citizen and resident of Kentucky.

7. Defendant Bridgett Miracle ("Miracle") is a citizen and resident of the state of Kentucky. Ms. Miracle is joined in this suit as a necessary party defendant.

## THE GENERAL STAR POLICY

8. On or after April 12, 2021, Flinchum executed a General Star Accountants Professional Liability Renewal Application. In Section 6. <u>Changes To Your Firm</u>, Flinchum checked "no" to the following inquiries:

> m) Been subject to any **fine, reprimand**, **criminal penalty**, related to the performance of professional services?
>
> n) Had any **claims** or **suits** been brought against the applicant firm, a predecessor of the firm, or any current or past officer, owner or employed accountant thereof?
>
> o) Know of **any circumstances which may result in a claim being made**?

A true and accurate copy of the General Star Accountants Professional Liability Renewal Application is attached hereto as Exhibit A.

9. In reliance upon the representations and information provided to General Star by Terry Flinchum, General Star National Insurance Company issued Accountants Liability Insurance Policy no. NJA330257A to Terry Flinchum CPA Inc., Somerset, KY for the policy

period of May 1, 2021 to May 1, 2022 ("General Star Policy").  A true and accurate copy of the General Star Policy is attached hereto as Exhibit B.

10. The Insuring Agreement of the General Star Policy states, in pertinent part:

**SECTION I – COVERAGE**

**B.     Claims-Made and Reported**

This insurance applies to a:

1. **Claim**;
2. **Suit**;
3. **Legal Services Payment Request**; or
4. **Supplementary Payment Request**

first made against the Insured during the **Policy Period**, or within sixty (60) days thereafter, or applicable Extended Reporting Period, and first reported by the Insured to us in writing during the **Policy Period**, or during the applicable Extended Reporting Period, arising out of a **Wrongful Act** that takes place in the **Coverage Territory**:

5. During the **Policy Period**; or
6. Prior the **Policy Period** if:

   a. The **Wrongful Act** took place on or after the **Retroactive Date**; and

   b. At the Inception date of the **Policy Period**, no Insured knew of any **Wrongful Act** that may reasonably be expected to give rise to a **Claim** or **Suit** against an Insured.

11. **SECTION- V- WHO IS AN INSURED**, states:

   A. The person or organization designated as the Named Insured on the Declarations Page.

   B. Any **Predecessor Firm** or **Successor in Business.**

   C. Any past or present owner, partner, officer, director, stockholder, member, managing member, or employee of any person or organization specified in Paragraphs A or B above, but only to **Professional Services** performed within the scope of their duties for that person or organization.

12. "Wrongful Act" is defined in **SECTION X- DEFINITIONS.AC**. as:

    1.    **Personal Injury**; or
    2.    Acts, errors or omissions,

    arising out of the rendering or failure to render **Professional Services** by any Insured.

13. "Professional Services" are defined in **SECTION X- DEFINITIONS (S)** to include, in pertinent part:

    1.    Services performed or advice given in accountancy, financial planning and consulting;

\*\*\*

14. "Personal Injury" is defined in **SECTION X- DEFINITIONS (O)** as injury, other than **Bodily Injury**, based on or arising out of one or more of the following offenses:

    1.    False arrest, detention or imprisonment;

\*\*\*

15. "Claim" is defined in **SECTION X. DEFINITIONS** as "a demand for money, the filing of **Suit** or the institution of arbitration or mediation proceedings naming the Insured and alleging a **Wrongful Act**."

16. The General Star Policy contains Exclusion 8 which provides that General Star has no obligation under the Policy to pay **Damages, Claims Expenses**, Legal Services Payments or Supplementary Payments or to provide a defense, in connection with any **Claim(s)** or **Suit(s)**, **Legal Services Payment Request(s)** or **Supplementary Payment Request(s)**, if based on or arising out of:

      8.    **Bodily Injury or Property Damage Liability**

      1.    Any **Bodily Injury**; . . .

***

17. "Bodily Injury" is defined in Section X. Definitions (C) as "bodily injury, sickness, disease, emotional distress or mental anguish sustained by a person, including death resulting from any of these at any time."

18. The General Star Policy also contains Exclusion 1 provides that General Star has no obligation under the Policy to pay **Damages, Claims Expenses**, Legal Services Payments or Supplementary Payments or to provide a defense, in connection with any **Claim(s)** or **Suit(s)**, **Legal Services Payment Request(s)** or **Supplementary Payment Request(s)**, if based on or arising out of:

    1.    **Fraud, Criminal or Malicious Acts, Intentional Misrepresentation or Violation of Laws**

        Except for covered **Dishonest Acts** by this Policy, any:

        a.    Dishonest, fraudulent, criminal, knowingly wrongful, willful, malicious or intentional **Wrongful Act**;

        b.    Intentional misrepresentation; or

        c.    Willful, intentional or knowing violation of the laws, statutes, rules or regulations, including, but not limited to, the Racketeer Influenced and Corrupt Organizations Act (RICO), or other actual or alleged violation of state or federal anti-trust, price-fixing, restraint of trade or deceptive trade practice laws, rules or regulations.

***

The Insured shall reimburse us for all **Claims Expenses** incurred if the Insured's **Wrongful Act(s)** is found to be conduct stated in this Exclusion.

## CRIMINAL INDICTMENTS

19. Prior to inception of the General Star Policy, on February 21, 2021, Bridgett Miracle accused Terry Flinchum of sexually abusing her at his residence/office, while she was there in connection with his provision of tax services.

20. Miracle reported the incident to the police. On April 7, 2021, in case no. 21-CR-00176, Terry Flinchum was indicted by a the Grand Jury of Pulaski County, Kentucky, for committing the offense of sexual abuse, first degree, by having sexual contact with Bridget Miracle through the use of forcible compulsion ("April 2021 Indictment"). A true and accurate copy of the April 2021 Indictment is attached hereto as Exhibit C.

21. On April 9, 2021, Flinchum was arrested and served with the indictment warrant. A true and accurate copy of the Indictment Warrant and Uniform Citation are attached hereto as Exhibit D.

22. Subsequently, Mr. Flinchum was indicted for a second alleged sexual assault of a client, which assault allegedly occurred on March 10, 221. On June 2, 2021, in case no. 21-CR-00291, Terry Flinchum was indicted by the Grand Jury of Pulaski County, Kentucky, for committing the offense of sexual abuse, first degree, by having sexual contact with A.B.M. through the use of forcible compulsion ("June 2021 Indictment"). A true and accurate copy of the June 2021 Indictment is attached hereto as Exhibit E.

## THE UNDERLYING LAWSUIT

23. On July 28, 2021, Bridgett Miracle filed civil action no. 21-CI-00690 in the Circuit Court of Pulaski County, Kentucky against Terry Flinchum, Terry Flinchum CPA, Inc., and Patricia Flinchum ("the Miracle Lawsuit").

24. On July 5, 2022, Miracle filed a First Amended Complaint. In the First Amended Complaint, the Plaintiff asserts six causes of action against Terry Flinchum and Terry Flinchum

CPA Inc.: Assault and Battery (Count I); False Imprisonment (Count II); Intentional Infliction of Emotional Distress (Count III); Breach of Fiduciary Duties (Count IV); Professional Negligence (Count V); and Punitive Damages (Count VII).  A true and accurate copy of the First Amended Complaint filed in the Miracle Lawsuit is attached hereto as Exhibit F.

25. In the First Amended Complaint, Miracle alleges that she utilized Terry Flinchum for tax preparation purposes.  She alleges that on February 24, 2021 when she entered his office, Flinchum pulled her in for a hug, placed himself between her and the office exit, and gave her unwanted compliments on her beauty.  She alleges that Flinchum touched, groped and kissed her, despite her attempts to free herself.

26. Miracle reported the alleged assault to the police.  According to Miracle, as part of the Pulaski County Sheriff's investigation, Flinchum engaged in a recorded phone call with her in which he admitted to the conduct.

27. Miracle alleges that Flinchum did not notify her of termination of representation, nor did he formally terminate representation with her.  She alleges that he continued to represent her and perform tax services for her indefinitely after the occurrence of harassment and abuse, and that he continued to have access to her documents and filings at least through the 2021 fiscal year.  In late March of 2022, she purportedly replaced his professional services.

28. In Count I, Assault and Battery, Miracle alleges that Flinchum intentionally, lewdly and offensively touched her in a sexual manner without consent, causing her to suffer from fear, extreme mental anguish, mental anxiety, embarrassment and humiliation.

29. In Count II, False Imprisonment, Miracle alleges that Flinchum placed himself between her and the exit to his business, and physically restrained her while simultaneously touching her in a sexually inappropriate and offensive manner for several minutes.  She alleges

that she was deprived of her liberty, suffered mental anguish, anxiety, embarrassment, humiliation, discomfort and inconvenience. She further alleges that she is entitled to punitive damages, because the conduct was intentional, malicious and harmful to Plaintiff.

30. In Count III, Intentional Infliction of Emotional Distress, Miracle alleges that Flinchum intentionally, lewdly and offensively touched her in a sexual manner without consent, and that his conduct was done deliberately and intentionally, with the purpose of inflicting severe emotional distress upon her or in reckless disregard of the probability of causing her severe emotional distress. Miracle seeks damages for her emotional distress, medical expenses, and punitive damages, because his conduct was intentional, malicious and harmful to her.

31. In Count IV, Breach of Fiduciary Duties, Miracle alleges that Flinchum acted as a fiduciary to her, and owed her duties of good faith, trust and confidence. She alleges that by engaging in the alleged conduct, he breached the fiduciary duty owed to her.

32. In Count V, Professional Negligence, Miracle alleges that Flinchum continued to represent her and perform tax services after the occurrences of harassment and abuse, and continued to have access to her documents and filings at least through the 2021 fiscal year. Plaintiff asserts that by engaging in this conduct, Flinchum violated the legal and ethical responsibilities required of a licensed CPA, defendants breached the duty of care owed to Miracle.

33. In Count VII, Punitive Damages, Miracle seeks punitive damages due to alleged conduct she believes was unlawful, willful, wrongful, wanton, reckless, oppressive, malicious fraudulent and in bad faith.

34. After receipt of notice of the Miracle Lawsuit, General Star agreed to provide a defense to Terry Flinchum and Terry Flinchum CPA Inc., subject to a reservation of rights.

35. General Star contends that it has no obligation to defend or indemnify Flinchum or Terry Flinchum CPA, Inc. against the Miracle Lawsuit. Flinchum contends that General Star has an obligation to provide coverage with regard to the Miracle claim. Therefore, an actual and immediate controversy exists between the parties.

## COUNT I
## RESCISSION

36. General Star hereby incorporates the allegations contained in paragraphs 1 through 35 of this Complaint as though set forth fully herein as this paragraph 36.

37. On or after April 12, 2021, Terry Flinchum CPA Inc., submitted a Renewal Application to General Star. The Renewal Application was executed on behalf of Terry Flinchum CPA Inc. by its sole owner and accountant, Terry Flinchum.

38. At the time of his execution of the Renewal Application, Flinchum was aware of circumstances which might result in a claim being made against him and/or Terry Flinchum CPA Inc.

39. Specifically, prior to April 12, 2021, Flinchum was aware that he had been indicted for the charge of sexually assaulting a client in his office.

40. Both his encounter with his client, Miracle, and Flinchum's indictment for sexual assault of his client were circumstances which may result in a claim being made.

41. If General Star had been aware of Terry Flinchum's indictment, General Star would not have issued the General Star Policy to Terry Flinchum CPA Inc.

42. Accordingly, General Star is entitled to rescind the policy of insurance it issued to Terry Flinchum CPA Inc., based upon material misrepresentations made in the policy application.

43. General Star agrees to tender the premium to Terry Flinchum CPA Inc. upon a judgment of rescission.

WHEREFORE, Plaintiff, General Star National Insurance Company prays that this Honorable Court enter judgment in its favor and against Defendants, entering an order of rescission and thereby voiding the General Star Policy, and granting General Star any other and further relief that this Court deems just and proper.

## COUNT II

## DECLARATORY JUDGMENT
## (INSURING AGREEMENT –PRIOR NOTICE OF POTENTIAL CLAIM)

44. General Star hereby incorporates the allegations contained in paragraphs 1 through 43 of this Complaint as though set forth fully herein as this paragraph 44.

45. The Insuring Agreement of the General Star Policy states that the insurance applies to a Claim or Suit first made and reported during the Policy Period, only if, prior to the inception of the Policy, no Insured knew of any Wrongful Act that may reasonably be expected to give rise to a Claim or Suit against an Insured.

46. Prior to inception of the General Star Policy on May 1, 2021, Flinchum knew of acts, errors or omissions that might reasonably be expected to give rise to a Claim or Suit against him. Accordingly, even assuming the Policy were not void, the Miracle Lawsuit is outside the scope of coverage provided by the Policy, and General Star has no obligation to defend or indemnify Flinchum or Terry Flinchum CPA Inc. for such claim.

WHEREFORE, Plaintiff General Star Insurance Company prays that this Honorable Court enter judgment in its favor and against Defendants by declaring that General Star has no obligation to defend or indemnify Flinchum of Terry Flinchum CPA Inc. against the claim

asserted by Bridgett Miracle, and granting such other and further relief that this Court deems just and proper, including reasonable attorney's fees and costs.

## COUNT III

### DECLARATORY JUDGMENT
### (BODILY INJURY EXCLUSION)

47. General Star hereby incorporates the allegations contained in paragraphs 1 through 46 of this Complaint as though set forth fully herein as this paragraph 47.

48. Exclusion 8 provides that General Star has no obligation under the Policy to pay Damages or Claims Expenses, or to provide a defense, in connection with any Claim or Suit, if based upon or arising out of any Bodily Injury.

49. "Bodily Injury" is defined in Section X. Definitions (C) of the General Star Policy as "bodily injury, sickness, disease, emotional distress or mental anguish sustained by a person, including death resulting from any of these at any time."

50. By Exclusion 8, General Star has no obligation to defend or indemnify against any Claim or Suit based on or arising out of bodily injury, emotional distress or mental anguish sustained by a person.

51. In the Miracle Lawsuit, Miracle seeks damages arising out of alleged bodily injury, emotional distress and/or mental anguish allegedly sustained by Miracle.

52. Accordingly, even if the Policy were not void and the claim were otherwise within the scope of the Insuring Agreement, the claim is excluded by Exclusion 8 and General can have no obligation to defend or indemnify any Insured against the Miracle Lawsuit.

WHEREFORE, Plaintiff, General Star Insurance Company, prays that this Honorable Court enter judgment in its favor and against Defendants, declaring that General Star has no obligation to

defend or indemnify any Insured against the underlying claims, and granting General Star any other and further relief that this Court deems just and proper.

## COUNT IV

### DECLARATORY JUDGMENT
### (CRIMINAL ACTS EXCLUSION)

53. General Star hereby incorporates the allegations contained in paragraphs 1 through 52 of this Complaint as though set forth fully herein as this paragraph 53.

54. Exclusion 1 provides that General Star has no obligation under the Policy to pay Damages or Claims Expenses, or to provide a defense, in connection with any Claim or Suit, if based upon or arising out of :

    1.    **Fraud, Criminal or Malicious Acts, Intentional Misrepresentation or Violation of Laws**

    Except for covered **Dishonest Acts** by this Policy, any:

    a.    Dishonest, fraudulent, criminal, knowingly wrongful, willful, malicious or intentional **Wrongful Act**;

    b.    Intentional misrepresentation; or

    c.    Willful, intentional or knowing violation of the laws, statutes, rules or regulations, including, but not limited to, the Racketeer Influenced and Corrupt Organizations Act (RICO), or other actual or alleged violation of state or federal anti-trust, price-fixing, restraint of trade or deceptive trade practice laws, rules or regulations.

***

55. Pursuant to Exclusion 1, General Star has no obligation to defend or indemnify any Insured for any claim based on or arising out of any criminal, knowingly wrongful, intentional act, or any intentional or knowing violation of the laws, statutes, rules or regulations.

56. Miracle alleges that Terry Flinchum sexually assaulted her, which constitutes a criminal, knowingly wrongful, and/or intentional act, and an intentional and knowing violation of the law. Accordingly, even if the Policy were not void and the claim were otherwise within the scope of the Insuring Agreement, the claim is excluded by Exclusion 1 and General Star can have no obligation to defend or indemnify any Insured against the Miracle Lawsuit.

WHEREFORE, Plaintiff, General Star Insurance Company, prays that this Honorable Court enter judgment in its favor and against Defendants, declaring that General Star has no obligation to defend or indemnify any Insured against the underlying claims, and granting

Dated: October 6, 2022.

Respectfully submitted,

By: */s/ Katherine L. Kennedy*
Katherine Kennedy (0079566)
LEWIS BRISBOIS BISGAARD & SMITH, L.L.P.
2333 Alexandria Drive
Lexington, Kentucky 40504
Ph. 513.808.9914
kate.kennedy@lewisbrisbois.com